Argued and submitted March 13, reversed and remanded for new trial
June 11, 1997

STATE OF OREGON,
*Respondent,*

*v.*

ERIC FRANK GRCICH,
*Appellant.*

(C9503 31748; CA A91320)

939 P2d 649

Eric Johansen, Deputy Public Defender, argued the cause for appellant. With him on the briefs was Sally L. Avera, Public Defender.

Kaye E. Sunderland, Assistant Attorney General, argued the cause for respondent. On the brief were Theodore R. Kulongoski, Attorney General, Virginia L. Linder, Solicitor General, and Janet A. Klapstein, Assistant Attorney General.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

EDMONDS, J.

## EDMONDS, J.

Defendant was convicted of delivery of a controlled substance and possession of a controlled substance, ORS 475.992, after a trial to the court. He appeals and assigns error to the trial court's denial of his motion to suppress and to the denial of his motion to appoint new counsel. We reverse.

Under his first assignment of error, defendant argues that the affidavit in support of a search warrant "did not establish probable cause that the search would discover things specified in the affidavit in the places requested to be searched." Defendant's arguments are without merit, and we reject them without further discussion. The trial court did not err by denying defendant's motion to suppress.

At a pretrial conference in chambers, defendant asked the court for a new court-appointed attorney. It is apparent from the record that defendant wished to go to trial on the charges even though his attorney had negotiated a plea agreement. Defendant's attorney asked the court to explain to defendant what a "no contest" plea involved, so that he could make an informed decision about the proposed plea bargain. After the court's explanation, defendant requested a new attorney. He told the court, "I don't feel like she's trying to help me that much." The court expressed its confidence in the abilities of defendant's attorney to represent him and then denied the request. After more praise for the attorney's abilities, the court asked defendant if the attorney had cursed at him yet. The attorney admitted that she had, but maintained that she would represent defendant to the best of her abilities. A trial date was set for about one month later.

The day before defendant's trial was to begin, the parties again appeared in court. Defendant's attorney told the court:

"* * * I'm requesting to be withdrawn as the attorney of record. I feel that there's been an irrevocable breakdown of our attorney-client relationship. I don't feel that we're able to communicate, to present a defense. We're communicating at cross purposes. I just don't feel—if I proceeded to trial

Your Honor, that I would be able to adequately represent [defendant]. My own personal feelings about him have intruded into the relationship and it's broken down so far."

In response to the attorney's request, the court addressed defendant and the following exchange ensued:

"[COURT]: What's the problem here, Sir[?]

"[DEFENDANT]: You're asking me, Your Honor[?]

"[COURT]: Yes.

"[DEFENDANT]: Well, I asked last time I was in court for another judge and you denied it.

"[COURT]: You mean another attorney[?]

"[DEFENDANT]: Another attorney. Excuse me.

"[COURT]: I said no.

"[DEFENDANT]: And the first thing you asked me, was, did she swear at you[?]

"[COURT]: I'm not going to get into this with you. Why aren't you working with her on your case[?]

"[DEFENDANT]: Because I don't feel like she's helping me at all.

"[COURT]: Do you want to represent yourself[?]

"[DEFENDANT]: Nope.

"[COURT]: You either take her or represent yourself. You either cooperate with her or you represent yourself. You got to talk to her and behave yourself.

"[DEFENDANT]: Behave myself[?]

"[COURT]: Now, what's the problem[?]

"[DEFENDANT]: Well, she called me a fucker. And any attorney that calls me a fucker, I don't want him. I don't want her as an attorney.

"[COURT]: Call the court. Take him into custody. Get him another attorney. We'll set it over for two weeks. We'll get him another attorney. But you're going to sit in custody.

"[DEFENDANT]: I'm going to sit in custody[?] Why is that[?]

"[COURT]: Revoking your recog.

"[DEFENDANT]: Your Honor, I'm on the Methadone Program for 25 years now. Why am I—

"[DEFENSE COUNSEL]: I would object to the custody situation.

"[COURT]: You're not his attorney anymore. Thank you. He doesn't want you. You don't want him.

"[DEFENDANT]: I will take her, then, Your Honor.

"[COURT]: Oh, you'll take her[?] You'll behave yourself[?]

"[DEFENDANT]: I will.

"[COURT]: You'll discuss your case with her[?]

"[DEFENDANT]: I will.

"[COURT]: You'll be reasonable[?]

"[DEFENDANT]: I will, Your Honor.

"[COURT]: Then you sit back in the back row and you talk to her. If you give her any trouble and she tells me that she can't work with you, you're going into custody and I'm getting you another attorney.

"[DEFENDANT]: Okay, Your Honor.

"[COURT]: Now, have a seat back there and behave yourself.

"[DEFENDANT]: All right.

"[COURT]: I think he will cooperate with you immensely at this point. If he doesn't, let me know. If you feel that you still can't adequately represent him, let me know.

"[DEFENSE COUNSEL]: I will do that, Your Honor. Are we out for trial tomorrow[?]

"[COURT]: If that's what he wants to do."

On appeal, defendant argues:

"These actions by the court did not constitute allowing defendant an adequate opportunity to state the reasons why new counsel should be appointed. When defendant attempted to address the issue, the court impatiently cut

him off. The court's actions also do not constitute an adequate inquiry into the nature of defendant's complaints, or an adequate evaluation of the merits of defendant's complaints. The court initially denied his request outright, and subsequently when defendant persisted, the court granted the request on the condition that defendant go to jail."

The state responds that "[h]aving elected not to change attorneys, defendant cannot be heard to complain of his own choice."[1]

We review the denial of a motion for a new court-appointed attorney for an abuse of discretion. *State v. Langley*, 314 Or 247, 258, 839 P2d 692 (1992). A criminal defendant's complaint about court-appointed counsel, when based on proper grounds, implies an abridgement of the constitutional right to assistance of counsel. *Id.* When presented with such an issue, a court has an affirmative duty to determine the merits of a request for a new court-appointed attorney on the record; it may not presume that the request is meritless. *State v. Bargas-Perez*, 117 Or App 510, 513, 844 P2d 931 (1992). The court must inquire into the nature of the request and evaluate the merits of the defendant's complaints, and must allow a defendant to state the reasons in support of a request for a new attorney. *State v. Bronson*, 122 Or App 493, 497, 858 P2d 467 (1993).

Here, the trial court's inquiry falls short of that standard. Although it began such an inquiry, and defendant told the court that he did not feel that "she's helping me at all," the trial court did not pursue the inquiry. Without addressing defendant's attorney's representations that she could no longer adequately represent defendant, the court apparently assumed that defendant was uncooperative and the source of the problem. The court told him, "You either take her or you

---

[1] The state also says:

"The court may reasonably have been concerned that defendant was attempting to manipulate the court by his substitution requests in order to delay trial (and the possibility of prison time)."

The record is devoid of any evidence that defendant's attorney's statement was a dilatory tactic. However, the case had been set over for trial seven times previously, and the trial court's impatience to get the case to trial is understandable. Nevertheless, the court was still required to afford defendant his constitutional right to assistance of counsel.

represent yourself. You either cooperate with her or you represent yourself." In the light of the attorney's representation that her personal feelings about defendant had intruded into the attorney-client relationship so much that it had affected her ability to represent him, it was incumbent on the trial court to make further inquiry into the nature and the full extent of the conflict in order to determine whether the attorney's continued representation could be "adequate." *State v. Langley*, 314 Or at 258.

Instead of making the further required inquiry, the court admonished defendant to "behave yourself." When defendant questioned what the court meant, it undertook to summarily revoke his release status and to appoint him new counsel.[2] The court never completed its inquiry about why counsel initially felt she could not represent defendant and why defendant wanted counsel replaced. The failure to make a sufficient inquiry into the nature of the conflict and to evaluate the adequacy of the attorney's continued representation of defendant was an abuse of discretion and is reversible error.

Reversed and remanded for a new trial.

---

[2] Although we need not reach the question in this case, the propriety of the choice presented to defendant—deprivation of pretrial liberty in exchange for appointment of new counsel—is not on its face the kind of practice by trial courts that should be encouraged. Modifications of release decisions are controlled by statute. See ORS 135.230(9) defining "release" criteria and ORS 135.285 providing for modifications of release decisions based on a change of circumstances.