Argued and submitted November 20, reversed and remanded for new trial
January 13, 1999

## STATE OF OREGON,
*Respondent,*

*v.*

## JOSEPH TILLMAN COFFEY,
*Appellant.*

(97-1027; CA A98424)

972 P2d 1219

Susan F. Drake, Deputy Public Defender, argued the cause for appellant. With her on the brief was Diane L. Alessi, Interim Public Defender.

Ann Kelley, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Landau, Presiding Judge, and Haselton and Wollheim, Judges.

HASELTON, J.

**HASELTON, J.**

Defendant appeals from his conviction for burglary in the first degree, ORS 164.225, assigning error, *inter alia*, to the trial court's failure to inquire into and rule on defendant's request for appointment of new counsel. We conclude that the trial court so erred and reverse and remand for a new trial.

On January 30, 1997, defendant was charged with burglary in the first degree and theft in the second degree in connection with the theft of a VCR from his ex-mother-in-law's home. At defendant's arraignment on February 12, 1997, the court appointed counsel. Trial was set for May 8, 1997.

On April 20, 1997, defendant sent the following letter to the trial judge:

> "I Joseph Coffey am writing to request a new lawyer. My lawyer * * * has only done one thing, he has sent me a discovery of my case, and that is it. He has not answered any of my phone calls to discuse [*sic*] my case; furthermore, he has not talked to anyone else involved with it either. I would like a lawyer to help me as I did not burg. anything. Will you please write me and let me know who my new lawyer is. I would like to thank you very much."

The trial court sent copies of defendant's letter to defense counsel and to the district attorney but did not respond to defendant, hold a hearing on defendant's request, or otherwise inquire into the substance of defendant's complaints.

On the evening before trial, defense counsel informed the prosecutor that he intended to present evidence in support of an alibi defense. At the beginning of trial, the prosecutor moved to exclude defendant's alibi evidence on the grounds that the defense had failed to comply with the alibi notice requirement of ORS 135.455.[1] Defense counsel

---

[1] ORS 135.455 provides, in part:

"(1) If the defendant in a criminal action proposes to rely in any way on alibi evidence, the defendant shall, not less than five days before the trial of the cause, file and serve notice upon the district attorney a written notice * * *. If the defendant fails to file and serve such notice, the defendant shall not be permitted to introduce alibi evidence at the trial of the cause unless the court for good cause orders otherwise."

asserted that he had "good cause" for not having given the five days' notice specified by ORS 135.455 and, in the ensuing colloquy, defense counsel acknowledged that he had not communicated directly with defendant from March 17, when the case had been set for a bench trial, until the afternoon before trial. Defense counsel also acknowledged that defendant had left at least three telephone messages at his office and that defense counsel's only efforts to respond to those messages were to call defendant's mother's home and, after reaching an answering machine, not to communicate further.

The trial court granted the state's motion to exclude the alibi evidence, concluding that defendant had not shown "good cause" for failing to comply with ORS 135.455. Following a bench trial, defendant was convicted of burglary in the first degree.

On appeal, defendant asserts that the trial court erred in failing to inquire into his request for new appointed counsel and in excluding the alibi evidence. We conclude that the trial court committed reversible error with respect to the first assignment and, consequently, do not address the second.

*State v. Grcich*, 148 Or App 337, 342, 939 P2d 649 (1997), describes the controlling analysis:

"We review the denial of the motion for a new court-appointed attorney for an abuse of discretion. *State v. Langley*, 314 Or 247, 258, 839 P2d 692 (1992). A criminal defendant's complaint about court-appointed counsel, when based on proper grounds, implies an abridgement of the constitutional right to assistance of counsel. *Id.* When presented with such an issue, a court has an affirmative duty to determine the merits of a request for a new court-appointed attorney on the record; it may not presume that the request is meritless. *State v. Bargas-Perez*, 117 Or App 510, 513, 844 P2d 931 (1992). The court must inquire into the nature of the request and evaluate the merits of the defendant's complaints, and must allow a defendant to state the reasons in support of a request for a new attorney. *State v. Bronson*, 122 Or App 493, 497, 858 P2d 467 (1993)."

*See also State v. Heaps*, 87 Or App 489, 494, 742 P2d 1188 (1987) ("The court's failure to inquire into the nature of the conflict and to evaluate the merits of defendant's complaint concerning his first appointed counsel gave the court no basis on which to determine whether his constitutional right to effective counsel was being honored.").

Here, defendant's letter to the court explicitly identified particular complaints about the adequacy of representation: Defense counsel "has not answered any of my phone calls to discuse [*sic*] my case" and "has not talked to anyone else involved with it either." Nevertheless, the court did not inquire further and, particularly, did not "determine the merits of [the] request for a new court-appointed attorney on the record * * *." *Grcich*, 148 Or App at 342. The court, in short, did not satisfy the "affirmative duty" consistently reiterated, and enforced, in *Grcich, Bargas-Perez, Heaps, et al*.

The state argues, nevertheless, that the court was under no obligation to inquire into, much less to rule on, defendant's request because his complaints were communicated in a letter to the court rather than presented through a formal motion for appointment of new counsel. In the circumstances presented here, that argument unrealistically elevates form over substance. The nature of defendant's complaint was that his lawyer was not communicating with him; to insist that defendant could procure the removal of his noncommunicative attorney only by having the same attorney file a motion for appointment of substituted counsel would be illogical and impractical. Rather, upon receiving an explicit request for the appointment of substituted counsel, it was incumbent upon the court to inquire further and, ultimately, to resolve the matter.

The state further suggests that, because defendant did not repeat his request at the time of trial, we should either presume that his previously expressed complaints had been resolved or conclude that defendant waived any error from the court's failure to act on his prior request. Again we disagree. With respect to the first contention, the colloquy pertaining to the exclusion of the alibi evidence amply demonstrates that the concerns underlying defendant's complaints—counsel's nonresponsiveness and failure to investigate—were not alleviated between April 20 and the trial

date. As noted, counsel did not communicate directly with defendant until the eve of trial. Nor did defendant "waive" anything. He made a clear request for appointment of substituted counsel; he never withdrew that request; and the court never ruled on that request. Having unsuccessfully requested appointment of substituted counsel, defendant was fully justified in assuming that that request had been denied.

The court's failure to inquire into, and determine, the merits of defendant's request for new counsel represented reversible error. *See, e.g., Grcich*, 148 Or App at 343.

Reversed and remanded for a new trial.