Argued and submitted March 31, reversed and remanded for new trial
May 15, 2003

STATE OF OREGON,
*Respondent,*

*v.*

ROCKY DEVON SMITH,
*Appellant.*

C991426CR; A110289

69 P3d 787

Andy Simrin, Senior Deputy Public Defender, argued the cause for appellant. With him on the brief was David E. Groom, Acting Executive Director, Office of Public Defense Services.

Holly A. Vance, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Edmonds, Presiding Judge, and Deits, Chief Judge, and Kistler, Judge.

EDMONDS, P. J.

## EDMONDS, P. J.

Defendant appeals his convictions for robbery in the first degree, assault in the second and third degrees, and related firearms charges. He argues that the trial court erred in failing to inquire into his complaints concerning appointed counsel after he requested the appointment of new counsel on his behalf. We reverse.

Before the trial began, defendant asked for the appointment of different counsel, complaining that his existing counsel had failed to investigate the case and to interview potential witnesses. The trial court did not inquire into those complaints; rather, it stated that it had great respect for defendant's attorney and accepted the attorney's representation that he was ready to proceed. That was error. *State v. Coffey*, 158 Or App 112, 972 P2d 1219 (1999); *State v. Grcich*, 148 Or App 337, 939 P2d 649 (1997).

In *Coffey* and *Grcich*, we held that the trial court's failure to inquire constituted reversible error. The state nevertheless suggests that we should remand for the trial court to determine whether defendant's attorney in fact adequately represented him. It relies on *State v. Pyle*, 182 Or App 520, 50 P3d 591, *rev den*, 335 Or 104 (2002), in which we stated that, even if the trial court had abused its discretion in refusing to appoint new counsel, the defendant was not prejudiced. In *Pyle*, however, the court inquired into the defendant's complaints about his retained counsel's performance and concluded that they were not legitimate. We affirmed.

Here the trial court failed to inquire at all. *Pyle*, thus, is inapposite to our holdings in *Coffey* and *Grcich*. Moreover, it is unclear to us how the trial court could conduct such an inquiry without holding a hearing tantamount to a post-conviction relief proceeding. We are not aware of any authority that holds such a procedure proper on remand from a direct appeal.

Reversed and remanded for new trial.