Submitted on respondent's petition for reconsideration filed June 12,
and appellant's response to petition for reconsideration filed September 19,
resubmitted en banc November 5, reconsideration allowed; former disposition
(187 Or App 562, 69 P3d 787) withdrawn; convictions vacated and remanded
with instructions November 19, 2003

## STATE OF OREGON,
*Respondent,*

*v.*

## ROCKY DEVON SMITH,
*Appellant.*

### C991426CR; A110289

80 P3d 145

Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General, and Robert M. Atkinson, Assistant Attorney General, for petition.

Ingrid A. MacFarlane, Senior Deputy Public Defender, and Office of Public Defense Services, *contra*.

Before Deits, Chief Judge, and Edmonds, Landau, Haselton, Armstrong, Linder, Wollheim, Brewer, and Ortega, Judges.

EDMONDS, J.

Schuman, J., not participating.

**EDMONDS, J.**

The state petitions for reconsideration of our decision in this case. *State v. Smith*, 187 Or App 562, 69 P3d 787 (2003). We grant the petition and remand to the trial court for a hearing on whether substitute counsel should have been appointed to represent defendant at trial.

Defendant appealed his convictions for robbery in the first degree, assault in the second degree and third degrees, and related firearm charges. On appeal, he argued that, when he asked the trial court to appoint different counsel, the trial court erred by not inquiring into those complaints. In our previous opinion, we agreed with defendant's argument. On reconsideration, we adhere to our holding that the trial court's inquiry was inadequate under the applicable case law. The only question on reconsideration is whether the appropriate scope of remand is for the trial court to make an inquiry into defendant's complaints to determine whether he should have had a different attorney at trial, as the state contends, or for a new trial on the charges as defendant argues.

The state relies on Article VII (Amended), section 3, of the Oregon Constitution in support of its argument that remand for a new trial under the circumstances of this case is improper. Section 3 provides, in pertinent part:

> "If the supreme court shall be of opinion, after consideration of all the matters thus submitted, that the judgment of the court appealed from was such as should have been rendered in the case, such judgment shall be affirmed, not withstanding any error committed during the trial[.]"

According to the state, a review for prejudice is mandatory under section 3, and this court must affirm in the absence of prejudice. It contends that defendant has shown at most a procedural error and, thus, that the proper remedy is to remand so the trial court can inquire into defendant's complaints about his counsel and determine whether anything that his counsel did or did not do prejudiced his case. If the trial court finds that defendant's complaints are valid, it should order a new trial. Otherwise, according to the state, it should reinstate defendant's convictions.

Defendant counters that the trial court's failure to inquire into the nature of a defendant's complaints about a court-appointed attorney is not a mere procedural error but rather is itself a violation of the constitutional right to adequate assistance of counsel. In *State v. Grcich*, 148 Or App 337, 939 P2d 649 (1997), we held that such a complaint, when based on proper grounds, "implies an abridgement of the constitutional right to assistance of counsel." We also stated that the trial court has an affirmative duty to determine on the record the merits of a defendant's request for a new court-appointed attorney; "it may not presume that the request is meritless." *Id.* at 342. According to defendant, that holding means that only a new trial can cure such an error because of the pervasive nature of the error. Additionally, defendant points to practical considerations arising from the scope of remand suggested by the state. Defendant explains:

> "For example, if a case is remanded for a new pre-trial hearing only, it would fall to a defendant to have significant personal recall of events that may have happened over three years ago (as in this case). In addition, the interests of defense counsel and the defendant will likely be adverse, especially where the facts of the case have already been decided. So too will the trial judge have a conflict, having already heard the evidence."

Finally, under similar circumstances, we have previously remanded for a new trial. *See, e.g., State v. Coffey*, 158 Or App 112, 972 P2d 1219 (1999); *Grcich*, 148 Or App at 343; *State v. Heaps*, 87 Or App 489, 742 P2d 1188 (1987).

■       The language of section 3 is mandatory. If we conclude that the judgment was one that should have been entered, "such judgment *shall* be affirmed, notwithstanding *any* error committed during trial." (Emphasis added.) "No discretion is permitted by the mandate of the amendment." *State v. Van Hooser*, 266 Or 19, 24, 511 P2d 359 (1973). As the court said in *State v. Davis*, 336 Or 19, 25, 77 P3d 1111 (2003), "[T]his court must affirm a judgment, despite any error committed at trial, if, after considering all the matters submitted, the court is of the opinion that the judgment 'was such as should have been rendered in the case.'" (Quoting section 3.)

■    As defendant suggests, and as we have held, the failure of the trial court to make an adequate inquiry implies a deprivation of adequate assistance of counsel that is of constitutional magnitude. However, an inadequate inquiry does not conclusively demonstrate that there was a deprivation of that right. What the trial court failed to do was to carry out its affirmative duty of making an inquiry that was sufficient to determine whether there was a deprivation. As a result of its failure, whether there was a deprivation is a fact that is yet to be determined. At this point, we cannot say that the judgment was one that should have been rendered because there is no basis for us to determine whether defendant was entitled to a different attorney. Because the trial court had an affirmative duty to inquire of defendant, the lack of an adequate record is its responsibility, not defendant's; defendant did all that he could do under the circumstances to make a record. The result of those considerations is that we cannot simply affirm the judgment.

That we cannot affirm the judgment, however, does not mean that defendant is automatically entitled to a new trial. If the trial court, after inquiring, could properly have refused to provide defendant a new attorney, defendant has not been prejudiced. If, on the other hand, the trial court should have agreed to defendant's request for a different attorney, defendant has been prejudiced because he did not receive counsel provided in accordance with the applicable requirements.[1] To remand for a new trial without a showing of prejudice is, in effect, to presume prejudice in substance from proof of error in the procedures designed to protect the substantive right. In *State v. Parker*, 317 Or 225, 233, 855 P2d 636 (1993), the Supreme Court expressly rejected a similar conclusion by this court. We conclude that the state is correct to the extent that defendant is not automatically entitled to a new trial as the result of the trial court's error. Rather, we vacate defendant's conviction and remand for the trial court to make the inquiry that it failed to make previously. If it determines that defendant should have received different counsel, it shall order a new trial; otherwise it shall

---

[1] In this context, the performance of the counsel who represented defendant at trial is irrelevant if defendant was entitled to a different counsel because trial counsel was not the counsel to which defendant was constitutionally entitled.

reinstate defendant's conviction. This procedure is, admittedly, cumbersome, but it carries out the intention of the voters when they adopted section 3 by initiative in 1910. To the extent that our previous cases are inconsistent with this ruling, they are disavowed.

Reconsideration allowed; former disposition withdrawn. Convictions vacated and remanded with instructions to inquire into defendant's pretrial complaints regarding his attorney, appointing new counsel for the hearing if defendant so requests. If the trial court determines that defendant was entitled to substitute counsel, it shall order a new trial; otherwise it shall reinstate the previous judgment.