Argued and submitted March 30, sentence vacated and remanded in part with instructions; otherwise affirmed April 28, 2004

STATE OF OREGON,
*Respondent,*

*v.*

EDWARD FRANK BESS,
*Appellant.*

010432816; A119082

89 P3d 1214

Monica L. Finch, Deputy Public Defender, argued the cause for appellant. With her on the briefs were Peter A. Ozanne, Executive Director, and Peter Gartlan, Chief Defender, Office of Public Defense Services.

Doug M. Petrina, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Edmonds, Presiding Judge, and Landau and Schuman, Judges.

PER CURIAM

## PER CURIAM

Defendant was convicted of felony Driving Under the Influence of Intoxicants, ORS 813.010(1), (5). He raises a number of assignments of error on appeal, only one of which requires discussion. We therefore affirm on his other assignments without further comment.

At the time of the sentencing hearing, defendant made a number of complaints about the performance of his attorney and asked the court to appoint a new attorney for the purpose of sentencing. The trial court did not make any inquiry about those complaints, and it required defendant to proceed with the same attorney at the hearing.[1] The state concedes that the court's failure to inquire into the nature of those complaints was error, *State v. Grcich*, 148 Or App 337, 342-43, 939 P2d 649 (1997), and we agree. We vacate the sentence and remand so that the court may make that inquiry and take appropriate action. *State v. Smith*, 190 Or App 576, 580-81, 80 P3d 145 (2003), *rev allowed*, 337 Or 160 (2004).

Sentence vacated and remanded with instructions to inquire into defendant's complaints regarding his attorney, appointing new counsel for the hearing if defendant so requests. If the trial court determines that defendant was entitled to substitute counsel, it shall order a new sentencing hearing; otherwise it shall reinstate the previous sentence. Otherwise affirmed.

---

[1] Defense counsel told the court, "[Y]ou're putting [defendant] in an untenable position. I think I should be removed at this point and get him another counsel." The court responded, "It's not going to happen [defense counsel]."