No. 153　　　　February 28, 2024　　　　333

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JOSE LUIS NAVA-DIAZ,
*Defendant-Appellant.*

Washington County Circuit Court
20CR05036; A179077

Brandon M. Thompson, Judge.

Argued and submitted January 24, 2024.

Kyle Krohn, Deputy Public Defender, argued the cause for appellant. Also on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Greg Rios, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Aoyagi, Presiding Judge, Joyce, Judge, and Jacquot, Judge.

AOYAGI, P. J.

Remanded for resentencing; otherwise affirmed.

**AOYAGI, P. J.**

Defendant was convicted of unlawful delivery of methamphetamine, ORS 475.890(2). On appeal, he raises three assignments of error. The first two assignments relate to the trial court's handling of defendant's request for new court-appointed counsel, and the third assignment relates to defendant's sentence. For the following reasons, we affirm the conviction but remand for resentencing.

*Conviction*. Defendant contends that the trial court mishandled his request for substitute counsel and that, consequently, we should reverse his conviction. That argument pertains to an exchange that occurred on the morning of trial, immediately after the court called the case and both attorneys identified themselves on the record.

After identifying himself, defense counsel stated, "Mr. Nava-Diaz informs me that he wishes to have new counsel at this time." The court indicated some surprise and took a moment to get oriented. After looking at the court file, including defendant's representation history, the court stated, "You have to understand several things." The court then told defendant (1) that, "if you want a new lawyer, you need to explain to me why, but you cannot go into discussions you've had with your attorney," because "we're not allowed to know that"; (2) that not liking an attorney's advice is not a reason to need a new one; (3) that there was a "severe defense attorney shortage," so, if the court replaced defendant's lawyer again, it would be the last time; and (4) that, given the shortage, the court did not know how long it would take to get a new lawyer or when the case would go to trial, and it was possible that defendant might remain in custody without a lawyer for a significant time, but that defendant would get priority since he was in custody.

The court concluded, "So with those things, do you want to talk with [defense counsel], or do you want to talk to me first?" Defendant responded, "I need to talk to [defense counsel] first." After a 20-minute recess, defendant apologized for the delay and told the court, "I already spoke with my attorney, and I want to keep him on the case." The court responded, "It's not a problem for you [to]

need to have a conversation before you proceed, so you don't need to apologize for that." A jury subsequently found defendant guilty, and he was convicted of unlawful delivery of methamphetamine.

On appeal, defendant argues that the court "erred in prohibiting defendant from informing the court about his communications with defense counsel as part of his request for substitute counsel" and "erred in telling defendant that he would have to wait in jail without a lawyer if he pursued his request for substitute counsel." The state argues that because defendant voluntarily withdrew his motion before any ruling was made, no ruling exists for appellate review. *See* ORAP 5.45(3) ("Each assignment of error must identify precisely the legal, procedural, factual, or other ruling that is being challenged."); *Benjamin v. Wal-Mart Stores, Inc.*, 185 Or App 444, 464, 61 P3d 257 (2002), *rev den*, 335 Or 479 (2003) ("If a party does not identify a specific legal, procedural, factual, or other ruling by the trial court, ORAP 5.45(3), there is nothing for this court to review."). The state further argues that, in any event, it was not error to admonish defendant not to reveal attorney-client communications in open court or to alert him to the potential disadvantages of replacing his counsel on the first day of trial amidst a severe defense attorney shortage.

For present purposes, we assume *arguendo* that a defendant could, in some circumstances, challenge the trial court's handling of a request for substitute counsel that culminated in the defendant's withdrawal of the request instead of a formal ruling.

Regarding the trial court telling defendant that it could take some time to appoint a new attorney for him, we agree with the state that it was not improper to provide that information to defendant. It is undisputed that the information was accurate, and there is no indication that the court sought to do anything other than make sure that defendant had all the relevant information. To the extent that defendant contends that the trial court should have waited until later to provide that information, we disagree that it was error to provide it sooner rather than later.

As for the trial court telling defendant that he needed to explain why he wanted a new lawyer without revealing attorney-client communications, we agree with the state that, given the preliminary nature of the court's remarks—and defendant's subsequent unequivocal withdrawal of his motion—the court did not commit reversible error. At the same time, defendant is correct that it may have been inaccurate, or at least overstated, for the court to explain that restriction by saying "we're not allowed to know that." *See State v. Langley*, 351 Or 652, 672-73, 273 P3d 901 (2012) (recognizing that revealing confidential or privileged information may be necessary for a defendant to explain to the court their position regarding the withdrawal or substitution of court-appointed counsel, in which case the court must take appropriate steps to safeguard those communications and the defense's trial strategy from public disclosure); *State v. Smith*, 339 Or 515, 529-30, 123 P3d 261 (2005) (recognizing, however, the "serious issues" and practical considerations attendant to a trial court making a factual inquiry into the reasons for a defendant's dissatisfaction with court-appointed counsel).

If defendant had gone forward on his motion, instead of asking to speak to counsel and then withdrawing it, it is possible that things could have played out in such a way as to give rise to a viable claim of error. *Cf. Langley*, 351 Or at 673 (where the defendant had expressed the need to reveal privileged information to explain why he wanted substitute counsel, the trial court erred in insisting that he state his reasons in open court). Because defendant withdrew his motion when he did, however, we cannot know whether he would have had a reasonable opportunity to explain his concerns. He may not have had any need to disclose privileged communications to explain his concerns. Or, if he did have that need, the court may well have clarified or refined its position, at the urging of counsel or otherwise, especially if its initial statements (albeit imperfectly phrased) were meant only to avoid public disclosure of privileged information. Even assuming that there is something to review, we agree with the state that the court's initial statements about privileged communications were too preliminary to constitute reversible error.[1]

---

[1] At oral argument, defendant suggested that, if a defendant expresses concern about court-appointed counsel, the trial court must find out the nature of

We therefore reject defendant's first and second assignments of error.

*Sentencing*. Defendant next contends that the trial court erred in imposing a sentence that exceeded the 120-month statutory maximum indeterminate sentence for a Class B felony. The trial court sentenced defendant to 115 months in prison and 36 months of post-prison supervision (PPS). The parties had not discussed PPS with the court, and defendant did not object to the pronounced sentence, so he requests plain-error review.[2] The state concedes that the trial court plainly erred and that we should exercise our discretion to correct the error. We agree. *See* ORS 475.890(2) ("Unlawful delivery of methamphetamine is a Class B felony."); ORS 161.605(2) (for a Class B felony, the "maximum term of an indeterminate sentence of imprisonment" is 10 years); OAR 213-005-0002(4) ("The term of post-prison supervision, when added to the prison term, shall not exceed the statutory maximum indeterminate sentence for the crime of conviction."); *State v. Vierria*, 278 Or App 656, 668, 379 P3d 667 (2016) (exercising discretion to correct the same type of error). Accordingly, we remand for resentencing.

Remanded for resentencing; otherwise affirmed.

---

the concern to ensure that there is not an unwaivable conflict or other mandatory reason to replace the attorney, even if the defendant withdraws the motion. Those arguments are beyond the scope of defendant's claims of error. They also appear to be inconsistent with *Smith*, 339 Or at 531 (recognizing that trial courts have discretion regarding how much factual inquiry to make regarding a request for substitute counsel, and holding that the defendant's complaints in *Smith* "did not *require* the trial court independently to 'inquire' and to make a 'factual assessment' based on that inquiry regarding the adequacy of appointed counsel" (emphasis in original)). In any event, at least in these circumstances, we disagree that the court could not let defendant talk to his attorney before hearing the motion or that, after defendant withdrew the motion, the court still had to find out why he had expressed a desire for a new attorney in the first place.

[2] "Generally, an issue not preserved in the trial court will not be considered on appeal." *State v. Wyatt*, 331 Or 335, 341, 15 P3d 22 (2000). However, appellate courts have discretion to correct a "plain" error. ORAP 5.45(1); *State v. Gornick*, 340 Or 160, 166, 130 P3d 780 (2006) (whether to correct a plain error is a discretionary decision). An error is "plain" when it is an error of law, the legal point is obvious and not reasonably in dispute, and the error is apparent on the record without our having to choose among competing inferences. *State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013).