388 May 7, 2025 No. 410

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

KYLE MICHAEL HUMPHREYS,
*Defendant-Appellant.*

Josephine County Circuit Court
23CR18169, 23CR45321; A183398 (Control), A183399

Robert S. Bain, Judge.

Submitted April 3, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Stephanie J. Hortsch, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Robert C. Hansler, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

KAMINS, J.

Affirmed.

**KAMINS, J.**

Defendant appeals from judgments of conviction in two separate cases, entered after he pleaded guilty to five different offenses. In a single assignment of error, he contends that the trial court erred in failing to inquire into the nature of his complaints with counsel. We affirm.

After accepting defendant's guilty pleas, the court allowed him to speak to his attorney who was appearing remotely, and the following exchange occurred:

"[DEFENDANT]:   *** I just think it's kind of messed up, you said that I'll get the money back and then the day I plead guilty that you got the restitution paperwork and you just kinda—

"[TRIAL COUNSEL]:   Well—

"[DEFENDANT]:   Yeah. I wouldn't recommend this attorney to anyone.

"[TRIAL COUNSEL]:   All right."

Defendant did not make a motion for substitute counsel, nor is it apparent that he was addressing the court in this exchange, so it is unclear what ruling defendant challenges. ORAP 5.45(3) ("Each assignment of error must identify precisely the legal, procedural, factual, or other ruling that is being challenged."). To the extent that defendant contends that this expression of dissatisfaction with his attorney required *sua sponte* intervention by the trial court to inquire as to the nature of defendant's dissatisfaction, we disagree. *See State v. Hernandez-Sanchez*, 339 Or App 532, 542, ___ P3d ___ (2025) (noting that the constitutional right to adequate counsel does not impose an affirmative obligation on a court "'to conduct an inquiry and make a factual assessment in response to a defendant's complaint[].'" (Quoting *State v. Smith*, 339 Or 515, 525, 123 P3d 261 (2005))); *cf. Smith*, 339 Or at 527 n 4 (under certain "egregious" and "rare circumstances," such as counsel falling asleep at trial in the presence of a judge, the trial court may be obligated to conduct an inquiry).

Affirmed.