Argued and submitted November 25, 2003, convictions vacated and remanded with instructions April 14, 2004

## STATE OF OREGON,
*Respondent,*

*v.*

## NICOLAS TORRES GONZALEZ,
aka Toney Gonzalez, Nicolas Gonzalez,
Nicolas Mendoza Gonzalez, Nicolas Herdia Gonzalez,
Nicolas Ramirez Gonzalez, Nicolas Lopez,
Juan Barrera, and numerous others,
*Appellant.*

CF96-0804; A110105

88 P3d 305

David C. Degner, Deputy Public Defender, argued the cause for appellant. With him on brief was David E. Groom, Acting Executive Director, Office of Public Defense Services. Nicolas Torres Gonzalez filed the supplemental brief *pro se.*

Brendan C. Dunn, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Landau, Presiding Judge, and Armstrong and Brewer, Judges.

PER CURIAM

## PER CURIAM

Defendant appeals his convictions for various sex offenses, arguing that the trial court erred in failing to consider his request for substitute counsel, in determining that his offenses were separate criminal episodes for sentencing purposes, and in declining to dismiss his charges on speedy trial grounds under the Interstate Agreement on Detainers, ORS 135.775 to 135.793, and the Oregon and United States constitutions. We reject defendant's third assignment of error without discussion. The state concedes that the trial court failed to consider defendant's request for substitute counsel as asserted in his first assignment of error; we accept the concession. Accordingly, without reaching defendant's second assignment of error, we vacate defendant's convictions and remand with instructions to inquire into defendant's pretrial request for substitute counsel. *State v. Smith*, 190 Or App 576, 580-81, 80 P3d 145 (2003).

Convictions vacated and remanded with instructions to inquire into defendant's pretrial complaints regarding his attorney, appointing new counsel for the hearing if defendant so requests. If the trial court determines that defendant was entitled to substitute counsel, it shall order a new trial; otherwise it shall reinstate the previous judgment.