Submitted on remand from the Oregon Supreme Court March 20,
affirmed June 28, 2006

## STATE OF OREGON,
*Respondent,*

*v.*

## NICOLAS TORRES GONZALEZ,
aka Toney Gonzalez, Nicolas Gonzalez,
Nicolas Mendoza Gonzalez, Nicolas Herdia Gonzalez,
Nicolas Ramirez Gonzalez, Nicolas Lopez,
Juan Barrera, and numerous others,
*Appellant.*

CF96-0804; A110105

138 P3d 35

David E. Groom, State Public Defender, and David C. Degner, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant. Nicolas Torres Gonzalez filed the supplemental brief *pro se*.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Brendan C. Dunn, Assistant Attorney General, filed the brief for respondent.

Before Landau, Presiding Judge, and Schuman and Ortega, Judges.

LANDAU, P. J.

## LANDAU, P. J.

This case returns to us on remand from the Supreme Court for reconsideration in light of *State v. Smith*, 339 Or 515, 123 P3d 261 (2005). In our original opinion, we vacated defendant's convictions and remanded with instructions to conduct an inquiry into defendant's complaints concerning his counsel. *State v. Gonzalez*, 193 Or App 83, 88 P3d 305 (2004). In light of *Smith*, we now affirm the trial court's judgment of conviction.

The relevant facts are not in dispute. Defendant was charged with a variety of sex offenses based on conduct with a 14-year-old girl over the course of three days. During that period, defendant also engaged in sexual contact with the girl's nine-year-old brother and appeared in explicit photos involving both the children. Defendant was charged in a 21-count indictment with first-degree sexual abuse, third-degree rape, third-degree sodomy, second-degree sexual abuse, third-degree sexual abuse, contributing to the sexual delinquency of a minor, and using a child in a display of sexually explicit conduct.

Before trial, defendant moved for appointment of substitute counsel. At *voir dire*, defendant—who frequently interrupted the proceedings and who had twice before replaced his court-appointed lawyers—indicated that he was unhappy with his representation, stating, "I've had a motion [to substitute counsel] and they don't want to do it. They want to hang me. I need a competent attorney." Before the state's opening statement, defendant again indicated that he would "like to go pro se."

During the second day of trial, defendant explained in some detail his dissatisfaction with counsel. Immediately thereafter, defendant's counsel moved to withdraw, stating that defendant had refused to follow his advice and that "I've taken about as much as I can take." The trial court rejected that motion, stating, "Well, you're a very able and competent lawyer * * *. I[ ] regret your position you're in but deny your motion to withdraw."

The case proceeded, and the jury found defendant guilty on all counts. At sentencing, the court determined that

several of defendant's offenses comprised "separate and distinct criminal episodes" and imposed consecutive sentences totaling 390 months' imprisonment. *See* ORS 137.123(2) (providing that trial court may impose consecutive sentences where offenses do not arise from the same "continuous and uninterrupted course of conduct").

Defendant appealed, arguing that the trial court erred in failing to consider his request during *voir dire* for substitute counsel, in determining that his offenses were separate criminal episodes for sentencing purposes, and in declining to dismiss his charges on speedy trial grounds under the Interstate Agreement on Detainers, ORS 135.775 to 135.793, and the state and federal constitutions. The state conceded that the trial court had failed to consider defendant's request for substitute counsel, as required in *State v. Smith*, 190 Or App 576, 580-81, 80 P3d 145 (2003), *rev'd*, 339 Or 515, 123 P3d 261 (2005).

We accepted the state's concession as to the first assignment. Without reaching defendant's second assignment of error, we vacated defendant's convictions and remanded with instructions to inquire into defendant's pretrial request for substitute counsel. We rejected the third assignment without discussion.

In *Smith*, the defendant told the court at the outset of his trial for robbery and other offenses that he was dissatisfied with his appointed counsel. The court listened to the defendant's assertions but did not inquire into the basis of the complaints or hold a hearing regarding them. Instead, the trial court expressed its confidence in the competence of the defendant's lawyer, and the case proceeded to trial, where the defendant was convicted. He appealed to this court, arguing that the trial court had erred by not inquiring into his complaints about his counsel. We agreed and vacated the convictions, remanding the case to the trial court for a hearing regarding the defendant's complaints. 190 Or App at 580-81.

■ The Supreme Court reversed. The court explained that, although a trial court is obligated to "consider and grant or deny a motion for substitute counsel and to exercise its discretion in doing so," it does not have "an affirmative duty to

conduct an inquiry and make a factual assessment in response to defendant's complaints about appointed counsel." 339 Or at 525. The court further explained that nothing in the federal or state constitutions requires a trial court to make such an inquiry because the post-conviction hearing procedures that have been established by the Oregon legislature provide a "constitutionally sufficient mechanism" for a person to raise a claim of inadequate assistance of counsel. *Id.* at 528.

■ In light of the Supreme Court's decision in *Smith*, we conclude that the trial court did not err in failing to conduct an inquiry in response to defendant's complaints about his counsel during *voir dire*. Under *Smith*, the trial court was not obligated to conduct any such inquiry. Although the court was obligated to consider, in its discretion, any motion for substitute counsel, the record shows that the trial court did so. It did not immediately respond to defendant's complaints at *voir dire*, but it did address those concerns soon thereafter. Indeed, much as in *Smith*, on the second day of trial, the court listened to a litany of defendant's complaints and then proceeded to express its confidence in the abilities of defendant's counsel. The record thus reflects that the trial court considered defendant's objections regarding the competency of his representation and, exercising its discretion, denied defendant's motion. Under *Smith*, that is all that was required.

When this case was first before us, our disposition with respect to defendant's first assignment of error made it unnecessary to consider his second assignment, that the trial court erred in finding that his offenses were separate criminal episodes for sentencing purposes. We now reach that assignment and reject it without discussion.

Affirmed.