Argued and submitted October 4, 2019, reversed and remanded
January 15, petition for review allowed May 21, 2020 (366 Or 490)
See later issue Oregon Reports

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

GREGORY LEON HIGHTOWER,
aka Gregory Leon Hightower, Sr.,
*Defendant-Appellant.*

Multnomah County Circuit Court
120632737; A166654

459 P3d 266

Edward J. Jones, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services, argued the cause and filed the briefs for appellant.

Jennifer S. Lloyd, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Lagesen, Presiding Judge, and Egan, Chief Judge, and Powers, Judge.*

PER CURIAM

Reversed and remanded.

_____
\* Egan, C. J., *vice* Schuman, S. J.

**PER CURIAM**

This is an appeal from a judgment entered following the Supreme Court's remand in *State v. Hightower*, 361 Or 412, 393 P3d 224 (2017). The Supreme Court reversed and remanded to the trial court based on its determination that that court erred when it concluded it lacked discretion to grant defendant's midtrial request to represent himself. *Id*. at 413. On remand, the parties disputed whether, as defendant argued, the court was required to hold a new trial or, instead, could make a hindsight determination of whether it would have granted defendant's request, had it known it had the discretion to do so. The trial court agreed with the state and determined that it would not have granted defendant's request to self-represent. Following resentencing, the court entered the judgment on appeal.

On appeal, defendant assigns error to the trial court's ruling that it need not hold a new trial. Defendant contends that our decision in *State v. Nyquist*, 293 Or App 502, 427 P3d 1137 (2018), among others, requires that result. In *Nyquist*, we explained that, "[b]oth before and after the Supreme Court's decision in *Hightower*, we have held that a trial court's abuse of discretion in rejecting a defendant's request for self-representation requires reversal of the defendant's convictions and remand for a new trial." *Id*. at 507. The state responds that *Nyquist* is wrongly decided. The state also asserts that any error is harmless, such that reversal is not permitted. Or Const, Art VII (Amended), § 3; ORS 19.415(2); *former* ORS 138.230 (2015).[1]

Our recent decision in *State v. Martineau*, 300 Or App 784, 455 P3d 1020 (2019), confirms that defendant is correct. There, we considered and rejected virtually identical arguments from the state as to why *Nyquist* was incorrectly decided and should be overruled. *Id*. at 787-90. Under *Martineau*, defendant was entitled to a new trial on remand—provided that the trial court's error in denying defendant's request to self-represent was not harmless. On that point,

---

[1] *Former* ORS 138.230 (2015) was repealed by Oregon Laws 2017, chapter 529, section 26, for judgments entered on or after January 1, 2018. Or Laws 2017, ch 529, § 28. Because the judgment in this case was entered before that date, *former* ORS 138.230 (2015) still applies.

we think that implicit in the Supreme Court's decision to reverse and remand is a determination that the trial court's error was not harmless. But, even if the Supreme Court's decision is not itself dispositive of the point, we conclude that the error is not harmless. As was the case in *Martineau*, it is difficult to tell how the trial would have unfolded if defendant had been permitted to self-represent and dictate his own strategy. Under those circumstances, we cannot deem the error to be harmless. *Id*. at 791 (holding that erroneous ruling on request to self-represent is not harmless when court cannot determine how trial would have proceeded differently if defendant had been permitted to self-represent).

Reversed and remanded.