Submitted August 1, 2019, vacated and remanded for further proceedings consistent with this opinion April 8, 2020

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

HASSAN OMAR,
aka Hassan Ali Omar,
*Defendant-Appellant.*

Multnomah County Circuit Court
15CR53774; A164869

464 P3d 501

Defendant appeals a judgment of conviction for four counts of second-degree robbery, ORS 164.405, contending that the trial court erred in denying his motion for substitute counsel because the court did not conduct the proper inquiry into his request. Defendant argues that the appropriate disposition is to reverse and remand for a new trial. The state concedes that the trial court erred by not conducting a sufficient inquiry into defendant's complaint about his counsel. It contends, however, that the appropriate disposition is to vacate the judgment and remand with instructions for the trial court to conduct the proper inquiry. *Held*: The Court of Appeals agreed with and accepted the state's concession. Pursuant to *State v. Smith*, 190 Or App 576, 80 P3d 145 (2003), *rev'd on other grounds*, 339 Or 515, 123 P3d 261 (2005), defendant was not automatically entitled to a new trial and the court rejected his contrary arguments.

Vacated and remanded for further proceedings consistent with this opinion.

Jerry B. Hodson, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Stephanie J. Hortsch, Deputy Public Defender, Office of Public Defense Services, filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Peenesh Shah, Assistant Attorney General, filed the briefs for respondent.

Before DeHoog, Presiding Judge, and Egan, Chief Judge, and Mooney, Judge.

MOONEY, J.

Vacated and remanded for further proceedings consistent with this opinion.

## MOONEY, J.

Defendant appeals a judgment of conviction for four counts of second-degree robbery, ORS 164.405, raising four assignments of error. We write to discuss only his first assignment of error and reject the others without discussion. In his first assignment of error, defendant contends that the trial court erred in denying his motion for substitute counsel because the court did not conduct the proper inquiry into his request. We agree, vacate the judgment, and remand for the trial court to conduct the proper inquiry.

We review the trial court's denial of a motion for substitution of counsel for abuse of discretion. *State v. Davis*, 345 Or 551, 579, 201 P3d 185 (2008), *cert den*, 558 US 873 (2009) (citing *State v. Langley*, 314 Or 247, 258, 839 P2d 692 (1992), *adh'd to on recons*, 318 Or 28, 861 P2d 1012 (1993)).

Defendant was charged with eight counts of second-degree robbery, ORS 164.405, and one count of first-degree theft, ORS 164.055. Prior to trial, the court dismissed the first-degree theft charge. On the morning of trial, defendant asked the court to appoint substitute counsel. The following colloquy took place:

"THE DEFENDANT:   Excuse me, Your Honor. May I get a new counsel? Because my counsel is an ineffective assistant and also being coerced with the prosecutor.

"THE COURT:   Is what?

"THE DEFENDANT:   Coerced.

"THE COURT:   I didn't hear his word.

"[DEFENSE COUNSEL]:   I believe that what [defendant] is saying is that I provided ineffective assistance of counsel to him, and that also he's concerned that I'm working in collusion with the prosecutor.

"THE COURT:   Oh, okay. All right. Well, I'm sorry, but it's day of trial. We're going to proceed, and [defense counsel] is going to help you through this matter. There is no evidence, to my knowledge, that anything has been done any differently than anytime a defense lawyer represents somebody.

"So go ahead and take a seat."

Thus, the court denied defendant's motion.

The parties then proceeded, but, for an unknown reason, the case ended in a mistrial. Subsequently, defendant was tried again, and a jury found him guilty of four counts of second-degree robbery.[1]

Defendant appeals the judgment of conviction, contending that the trial court erred in denying his motion for substitute counsel and that we should reverse and remand for a new trial. The state concedes that the court erred by not conducting a sufficient inquiry into defendant's complaint about his counsel. It contends, however, that we should vacate the judgment and remand with instructions for the trial court to conduct the proper inquiry, rather than remand for a new trial. We agree with and accept the state's concession; thus, the only issue for us to resolve is the proper disposition.

The state relies on *State v. Smith*, 190 Or App 576, 80 P3d 145 (2003) (*Smith II*), *rev'd on other grounds*, 339 Or 515, 123 P3d 261 (2005) (*Smith III*). In that case, the defendant appealed the trial court's denial of his request for the appointment of different counsel, "complaining that his existing counsel had failed to investigate the case and to interview potential witnesses. The trial court did not inquire into those complaints; rather, it stated that it had great respect for defendant's attorney and accepted the attorney's representation that he was ready to proceed." *State v. Smith*, 187 Or App 562, 564, 69 P3d 787 (*Smith I*), *adh'd to as modified on recons*, 190 Or App 576, 80 P3d 145 (*Smith II*) (2003). We agreed that the trial court erred and, accordingly, reversed and remanded for a new trial. *Id.*

The state petitioned for reconsideration. Relying on Article VII (Amended), section 3, of the Oregon Constitution,[2] it contended that the defendant had "shown at most a procedural error and, thus, that the proper remedy [was] to remand so the trial court [could] inquire into defendant's

---

[1]  Defendant was represented by the same counsel during the second trial.

[2]  Article VII (Amended), section 3, provides, in pertinent part:

"If the supreme court shall be of the opinion, after consideration of all the matters thus submitted, that the judgment of the court appealed from was such as should have been rendered in the case, such judgment shall be affirmed, notwithstanding any error committed during the trial."

complaints about his counsel and determine whether anything that his counsel did or did not do prejudiced his case." *Smith II*, 190 Or App at 578. The defendant responded that the court did not commit "mere procedural error but rather" violated "the constitutional right to adequate assistance of counsel." *Id.* at 579. The defendant also pointed to "practical considerations arising from the scope of remand" requested by the state. *Id.* He explained:

> "For example, if a case is remanded for a new pre-trial hearing only, it would fall to a defendant to have significant personal recall of events that may have happened over three years ago (as in this case). In addition, the interests of defense counsel and the defendant will likely be adverse, especially where the facts of the case have already been decided. So too will the trial judge have a conflict, having already heard the evidence."

*Id.*

We granted the petition and issued an *en banc* opinion. We noted that the "language of [Article VII (Amended),] section 3 is mandatory" and explained that, although we could not affirm the judgment (because the trial court failed to carry out its affirmative duty to make an inquiry into the defendant's claim),[3] that "does not mean that defendant [was] automatically entitled to a new trial." *Id.* at 579-80.

> "If the trial court, after inquiring, could properly have refused to provide defendant a new attorney, defendant has not been prejudiced. If, on the other hand, the trial court should have agreed to defendant's request for a different attorney, defendant has been prejudiced because he did not receive counsel provided in accordance with the applicable requirements. To remand for a new trial without a showing of prejudice is, in effect, to presume prejudice in substance from proof of error in the procedures designed to protect the substantive right."

---

[3] The Supreme Court granted review and reversed the Court of Appeals on the ground that the trial court did not err in denying the defendant's motion. *Smith III*, 339 Or at 532. It concluded that the trial court was obligated to consider and rule on any motion for substitute counsel but that it was not obligated to conduct an inquiry in response to defendant's complaints about his court-appointed lawyer. The case before us is distinguishable from *Smith III* because the trial court here did not actually consider or rule on defendant's motion for substitute counsel.

*Id*. at 580 (footnote omitted). We concluded that the state was correct

> "to the extent that defendant [was] not automatically enti-
> tled to a new trial as the result of the trial court's error.
> Rather, we vacate[d] defendant's conviction and remand[ed]
> for the trial court to make the inquiry that it failed to make
> previously. If it determine[d] that defendant should have
> received different counsel, it [should] order a new trial;
> otherwise it [should] reinstate defendant's conviction. This
> procedure is, admittedly, cumbersome, but it carries out
> the intention of the voters when they adopted [Article VII
> (Amended),] section 3 by initiative in 1910."

*Id*. at 580-81.[4]

Because of the factual and procedural similarity to *Smith II*, the state contends that we should follow the dispo-sition in that case and vacate the judgment and remand with instructions to inquire into defendant's pretrial complaints.

Defendant contends that the proper remedy is to reverse and remand for a new trial, making three arguments. First, defendant contends that "this court has remanded for a new trial in cases where the trial court failed to properly exercise its discretion in denying a defendant's mid-trial request for self-representation." *See, e.g.*, *State v. Nyquist*, 293 Or App 502, 427 P3d 1137 (2018) (reversing and remand-ing for new trial when trial court erred in denying midtrial request to represent self); *State v. Martineau*, 300 Or App 784, 455 P3d 1020 (2019) (same); *State v. Hightower*, 301 Or App 750, 459 P3d 266 (2020) (adhering to the *Nyquist* dis-position). Defendant argues that the state has not explained why the remedy for a violation of defendant's right to self-representation should differ from the remedy available after a violation of defendant's right to adequate representation by counsel. Missing from defendant's argument, however, is a recognition that we have already concluded that the two types of errors require different remedies.

We have two lines of cases: one that applies to the denial of a request for substitute counsel, *Smith II*, and one

---

[4] Because the Supreme Court concluded that the trial court did not err in denying the motion for substitute counsel, it did not reach the proper scope of remand had the trial court erred.

that applies to the denial of a request to proceed *pro se*, *Nyquist*. Both lines of cases are rooted in Article I, section 11, of the Oregon Constitution:

> "In all criminal prosecutions, the accused shall have the right * * * to be heard by himself and by counsel."

The right to self-representation (to be heard by himself) and the right to counsel (to be heard by counsel) are not the same. A defendant who asserts the right to counsel waives the right to self-representation. And, a defendant who waives the right to counsel effectively asserts the right to self-representation. *State v. Hightower*, 361 Or 412, 416-17, 393 P3d 224 (2017). The *Smith II* and *Nyquist* lines of cases reflect the practical differences between what it takes to remedy the wrongful denial of a request for substitute counsel and the wrongful denial of a request to proceed *pro se*. Either request made on the morning of trial implicates scheduling and related considerations that impact the trial court's obligation to provide for the orderly conduct of the case before it. But the availability of post-conviction relief in right-to-adequate-counsel cases justifies a different disposition in those cases: If the trial court grants a defendant's motion, then a new trial would be necessary. But, if the trial court denies the motion, a new trial would not be necessary because the availability of post-conviction relief would provide an appropriate forum to address any remedy due for inadequate representation by counsel. This is a right-to-counsel case that, on remand, requires that two-step approach. Defendant's reliance on the self-representation line of cases is not persuasive.

　　　　Second, defendant attempts to distinguish *Smith II* from this case, because in that case the court conducted a more extensive colloquy.[5] Defendant claims that he was inherently prejudiced by not being heard by the trial court.

---

[5] The colloquy in *Smith III* was as follows:

"[DEFENSE COUNSEL]: * * * Mr. Smith is present and, as I indicated to the court in chambers this morning, Mr. Smith has indicated to me that he is concerned about my representation of him and he has asked me to indicate to the court that he would like new counsel assigned to the case.

"One, apparently, it's his belief I'm not prepared and ready to go in this case. And, number two, he, apparently, had some problems with the way I've been handling it with him over the past few days.

As we understand his argument, he contends that, given the colloquy in *Smith II*, we could not determine whether the defendant there was prejudiced by the trial court's actions. Whereas, here, because the colloquy was so limited, on appellate review, we should affirmatively conclude that defendant was prejudiced. The differences in the two colloquies are immaterial to the issue of disposition. As *Smith II* explains, prejudice is not automatically established with an inadequate inquiry: "[T]he failure of the trial court to

---

"With that said, I guess I would let my client indicate to the court what his concerns are and have the court address that with him.

"THE COURT: Mr. Smith, this is your opportunity to address the court.

"THE DEFENDANT: For several months, I've been working with [former counsel], I don't know if he was just on retainer with [defense counsel], but I was not too confident, either, with his ability, but I trusted the fact that he was looking out for my best interests rather than the quickest way to end the case.

"I mean no personal disrespect against [defense counsel], but I just don't feel that I will be getting a fair representation with someone that would rather just see the case done and over with rather than hear the truth or have the truth even be brought out.

"I have witnesses and other facts and none of them have even been questioned. Or, I just don't—none of my witnesses have been talked to except for one, and she was asked a few questions of does she know what happened? Does she know what came in? And this was told to me by my previous lawyer *** and that was it. None of the other ones that I have given to the law firm have been spoken to. I don't feel that I'm being fairly represented by staying with [defense counsel].

"THE COURT: Well, let me comment on a couple things. First of all, I've been doing this job now, this is my 18th year, so I've been a judge for a while and I've seen a lot of attorneys come through the court system. I can tell you that were I charged with a crime, there are probably about 10 attorneys that I would personally consider representing me, out of the 10,000 that are practicing law here in the State of Oregon. [Defense counsel] is on that list. He's a very good attorney. He's probably a better attorney than [former counsel] is, and if [defense counsel] tells me that he's ready to go to trial in this matter and represent your interests, I have to believe him.

"Now, this is a serious matter, extremely serious matter for you and the court is entirely aware of that. We believe that if there was any kind of prejudice, substantial prejudice to you in proceeding ahead at this point in time with [defense counsel] representing you, I wouldn't hesitate over the State's objection to continue the matter.

"On the other hand, I'm not going to continue it because at some point in time, we have to resolve this matter and we have lots of other cases and lots of other people that are trying to get their day in court.

"Based upon what I've heard at this particular point in time, I'm not prepared to continue the trial. So we will be proceeding today."

339 Or at 517-19 (alterations in original).

make an adequate inquiry implies a deprivation of adequate assistance of counsel that is of constitutional magnitude. *However, an inadequate inquiry does not conclusively demonstrate that there was a deprivation of that right.*" *Smith II*, 190 Or App at 580 (emphasis added). Therefore, we find defendant's attempt to distinguish the two cases unpersuasive.

Third, defendant contends that "remand for a new hearing would result in a due process violation." He argues that "allowing a trial court to recreate, and then reevaluate, conditions that existed at trial more than three years ago, when memories have faded, is inherently prejudicial in that it greatly decreases the reliability of the trial court's ultimate decision." However, as explained above, that argument was raised and rejected in *Smith II*.

Defendant does not argue that we should disavow *Smith II*, and we adhere to its holding. Defendant was not automatically entitled to a new trial, and we reject his contrary arguments. The convictions are vacated and remanded with instructions to inquire into defendant's motion for substitute counsel. If the trial court determines that defendant was entitled to substitute counsel, it shall order a new trial; otherwise it shall reinstate the previous judgment.

Vacated and remanded for further proceedings consistent with this opinion.