Submitted November 10; convictions on Counts 1 and 2 reversed and remanded, remanded for resentencing, otherwise affirmed December 29, 2021; petition for review denied March 24, 2022 (369 Or 504)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JUSTIN DEWEY BITTICK,
*Defendant-Appellant.*

Crook County Circuit Court
17CR81343; A171862

502 P3d 1196

Annette C. Hillman, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Mary Reese, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and E. Nani Apo, Assistant Attorney General, filed the brief for respondent.

Before DeVore, Presiding Judge, and DeHoog, Judge, and Mooney, Judge.

PER CURIAM

Convictions on Counts 1 and 2 reversed and remanded; remanded for resentencing; otherwise affirmed.

## PER CURIAM

Defendant was convicted after a jury trial of two counts of first-degree manslaughter (Counts 1 and 2), two counts of second-degree manslaughter (Counts 3 and 4), two counts of criminally-negligent homicide (Counts 5 and 6), two counts of third-degree assault (Counts 7 and 8), one count of driving under the influence of intoxicants (DUII) (Count 9), one count of reckless driving (Count 10), and four counts of recklessly endangering another person (Counts 11 through 14). The jury returned a verdict of 11-1 on Counts 1 and 2; the verdicts were otherwise unanimous. The trial court merged the guilty verdicts on Counts 3 and 5 into the conviction for first-degree manslaughter on Count 1 and merged the guilty verdicts on Counts 4 and 6 into the conviction for first-degree manslaughter on Count 2.

On appeal, defendant contends, in his first three assignments of error, that the trial court erred in instructing the jury that it could convict based on nonunanimous verdicts, in accepting the jury's nonunanimous guilty verdicts on the first-degree manslaughter charges, Counts 1 and 2, and in accepting the jury's unanimous guilty verdicts on the remaining charges. The state concedes, and we agree, that the trial court erred in giving a nonunanimous jury instruction and in accepting nonunanimous jury verdicts on Counts 1 and 2, *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020) (Sixth Amendment requires that the jury be unanimous to convict a criminal defendant of a serious offense), necessitating reversal and remand of those convictions. However, the court's instructional error does not require reversal of the counts for which the jury was unanimous. *State v. Flores Ramos*, 367 Or 292, 478 P3d 515 (2020) (instructing the jury that it could return a nonunanimous guilty verdict not structural error and harmless where jury's verdict is unanimous). Consequently, we reverse and remand defendant's convictions on Counts 1 and 2 and remand the case for resentencing, which includes entering new dispositions for the counts that were merged into Counts 1 and 2. *See State v. Cockrell*, 170 Or App 29, 31, 10 P3d 960 (2000) (reversal of conviction and affirmance of another that had been merged with it "has the effect of

'unmerging' those crimes," freeing the trial court to enter judgment and sentence the defendant on the merged count).

Defendant's final assignment of error challenges the court's exclusion of certain evidence; we reject that assignment without discussion.

Convictions on Counts 1 and 2 reversed and remanded; remanded for resentencing; otherwise affirmed.