Argued and submitted December 3, 2021; reversed and remanded January 26; appellant's petition for reconsideration filed February 2 and respondent's petition for reconsideration filed February 3, allowed by opinion March 30, 2022
See 318 Or App 651, 509 P3d 192 (2022)

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## JOHNATHAN RICHARD BLACK,
*Defendant-Appellant.*

Washington County Circuit Court
C140510CR; A172621

504 P3d 691

This criminal case is before the Court of Appeals a second time. The trial court was affirmed the first time, but the Supreme Court reversed, concluding that the trial court erred when it excluded testimony from a defense expert on the ground that the testimony would be impermissible vouching testimony. *State v. Black*, 364 Or 579, 437 P3d 1121 (2019). The Supreme Court remanded to the trial court for further proceedings, without specifying whether the court was to hold a new trial on remand or if, instead, the trial court would have the latitude to determine whether to exclude the evidence on other grounds and, if so, reinstate the previous judgment. On remand, the trial court concluded that the evidence should be excluded under OEC 702 and, alternatively, OEC 403, and reinstated the judgment. Defendant appealed, again contending that he is entitled to a new trial. *Held*: Under *State v. Hightower*, 368 Or 378, 387, 491 P3d 769 (2021), and *State v. Bales*, 317 Or App 54, 504 P3d 10 (2022), the trial court must consider whether the record could have developed in a materially different way absent its error. If it determines that it could have, then, given the absence of explicit alternative direction from the remanding appellate court, defendant is entitled to a new trial. The trial court did not undertake that required inquiry in this case.

Reversed and remanded.

D. Charles Bailey, Jr., Judge.

Morgen E. Daniels, Deputy Public Defender, argued the cause for appellant. Also on the briefs was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Jordan R. Silk, Assistant Attorney General, argued the cause for respondent. Also on the briefs were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before James, Presiding Judge, and Lagesen, Chief Judge, and Kistler, Senior Judge.

LAGESEN, C. J.

Reversed and remanded.

Kistler, S. J., concurring.

**LAGESEN, C. J.**

This criminal case is before us a second time. We affirmed the first time we saw it, but the Supreme Court reversed, concluding that the trial court erred when it excluded testimony from a defense expert on the ground that the testimony would be impermissible vouching testimony. *State v. Black*, 364 Or 579, 437 P3d 1121 (2019). The court remanded to the trial court for further proceedings, without specifying whether it intended for the court to hold a new trial on remand or if, instead, it intended for the court to have the latitude to determine whether to exclude the evidence on other grounds and, if so, reinstate the previous judgment. *Id.* at 603. On remand, the trial court concluded that the evidence should be excluded under OEC 702 and, alternatively, OEC 403, and reinstated the judgment, rejecting defendant's arguments that a new trial was required. Defendant appealed, again contending that he is entitled to a new trial.

We reverse and remand. After the trial court made its decision on remand, but before oral argument in this appeal, the Supreme Court decided *State v. Hightower*, 368 Or 378, 491 P3d 769 (2021). *Hightower*, as the state and defendant agree, establishes the inquiry that governs a trial court's determination of whether a new trial is required by an appellate court's determination that reversible error occurred in the trial process, where, as here, the remanding court does not issue specific instructions about the scope of the remand. *Id.* at 387. That inquiry is as follows:

> "When *** a trial court does not have the benefit of our instruction, it must determine for itself whether the record would have developed differently had the trial court not erred in the underlying case. *** [A] trial court should first consider the explicit and implicit instructions contained with[in] the appellate court's opinion. But the trial court cannot stop there, it is also necessary to evaluate the impact that the error identified by the appellate court had on how the record could have developed below. Where the trial court cannot conclude that the record would have developed in materially the same way without the error, a defendant is entitled to a new trial."

*Id.* at 391-92.

In this instance, because *Hightower* had not been decided at the time it considered the case, the trial court understandably did not conduct the *Hightower* inquiry. Instead of examining how the record could have developed in a materially different way but for the erroneous exclusion of the defense expert's testimony on the ground it constituted impermissible vouching, the trial court understood its task to be determining if the evidence was otherwise admissible:

> "[I]t is clear [the case] was sent back to the court for the court to determine the next legal step. That next step [is to decide] whether the evidence would be admissible and whether any of the charges should be reinstated since the additional testimony of [the expert] would have no impact on those charges."

As we recently recognized in *State v. Bales*, 317 Or App 54, 504 P3d 10 (2022), that inquiry is not the correct one under *Hightower*. Rather, *Hightower* means that

> "after an appellate court remands based on an erroneous trial-court ruling, a trial court must not limit itself to considering whether it might again rule similarly (but on a permissible basis), but must also consider what effect its erroneous ruling had *at the time it was made* and whether the evidentiary record or the parties' arguments might have developed in a materially different way at that time had the trial court not erred."

*Bales*, 317 Or App at 60-61 (emphasis in original). Having concluded in *Bales* that the trial court's inquiry on remand in that case did not square with the dictates of *Hightower*, we reversed and remanded "so that the trial court may engage in the analysis that *Hightower* requires." *Id.* at 61.

We take the same approach here. In this case, the trial court's analysis was the same as the analysis that we concluded was faulty under *Hightower* in our decision in *Bales*. On remand, as in *Bales*, the trial court must consider whether the record could have developed in a materially different way had it not erroneously concluded, pretrial, that the excluded testimony by the defense expert would constitute impermissible vouching. As noted in *Bales*, that requires an assessment of how the record might have developed in a materially different way starting from the point

in time at which the trial court made the erroneous ruling. Where, as here, the error occurred in a pretrial hearing, that necessarily entails an assessment both of how the error may have materially affected the development of the record at the hearing and how the error may have materially affected the development of the record at trial. If, in either instance, the record could have developed in a materially different way but for the trial court's error, then, as we understand *Hightower*, a defendant is entitled to a new trial, absent explicit direction from the remanding appellate court spelling out a different approach.

Reversed and remanded.

**KISTLER, S. J.,** concurring.

Following our decision in *State v. Bales*, 317 Or App 54, 504 P3d 10 (2022), I concur in the majority's opinion remanding this case to the trial court. I write separately to note that, in my view, the reasoning that the majority sets out from *State v. Hightower*, 368 Or 378, 491 P3d 769 (2021), can and should be read in light of the holding in that case.

The problem in *Hightower* arose because the trial court initially based its decision denying the defendant's midtrial request to represent himself on a legally incorrect ground. *See id.* at 381 (summarizing that case's history). The Supreme Court reversed the trial court's judgment and remanded the case for further proceedings. It explained that, contrary to the trial court's ruling, the defendant retained a qualified right to represent himself after the trial began and that the trial court had discretion to grant or deny the defendant's midtrial request to represent himself. *See id.* at 382. On remand, the trial court explained that, based on the defendant's disruptive behavior at trial, it would have denied the defendant's midtrial request to represent himself if it had known it was a discretionary decision. *Id.* at 383. Having reaffirmed its decision to deny the defendant's request, albeit on a different ground, the trial court reinstated the judgment.

On review, the Supreme Court reversed the trial court's judgment and remanded for a new trial. The court noted that, when the trial court initially denied the

defendant's request to represent himself, it did not state the reason that it later articulated on remand for denying the request—the defendant's disruptive behavior throughout trial. *Id.* at 392. Had it done so, the court explained, the record could have developed differently—specifically, the defendant would have had an "opportunity to explain and respond to the trial court's concerns about his disruptive behavior in the context of his requests for self-representation." *Id.* at 393. And the defendant's responses could have persuaded the trial court to exercise its discretion to permit the defendant to represent himself. Because the record could have developed differently, the court concluded that a new trial was necessary. *Id.*

As I read *Hightower*, the reason that a new trial was required was not simply that the record at the hearing could have developed differently if the trial court had initially and correctly explained why it was denying the defendant's request to represent himself; rather, there was another problem that, in combination, required a new trial. Once the trial was over, the trial court could not recreate on remand the opportunity for a real-time interchange with the defendant that could have led the trial court to exercise its discretion differently. That was the record problem that concerned the court.[1]

To be sure, some of the reasoning in *Hightower*, if viewed in isolation, could suggest that a new trial will be required whenever the record could have developed differently if the trial court had initially applied the correct legal ground. It is difficult to see, however, what interest such a rule would serve when the trial court can correctly reach the same ruling on remand under the appropriate legal standard.[2] The mere fact that the record at the hearing on

---

[1] The court explained in *Hightower*:

"Here, it was necessary for the trial court to provide defendant with an opportunity to explain and respond to the trial court's concerns about his disruptive behavior in the context of his requests for self-representation. Because the trial court did not do that in the first instance, and because the record could have developed differently if it had, a new trial was required."

368 Or at 393.

[2] On remand, a trial court will presumably have to rule on the issue it initially decided incorrectly regardless of whether it holds a new trial or only a stand-alone hearing.

remand differs under the correct legal standard does not appear to justify putting the parties and the court system to the expense of a new trial. And any number of judicial rules are designed to avoid giving parties a second bite at the apple as long as the parties had a full and fair opportunity to develop the trial record in the first instance.

Accordingly, I would read the court's reasoning in *Hightower* in light of its holding. Specifically, I would interpret *Hightower* as holding that a new trial is required when a stand-alone hearing on remand will not fairly serve to adjudicate the issue that the trial court initially decided incorrectly.[3] With that observation, I join the majority's opinion.

---

[3] It is perhaps worth noting that, in this case, the remand gives the parties an opportunity to consider whether some but perhaps not all of the expert's answers were admissible under OEC 702 and OEC 403 instead of treating the admission of the expert's testimony as an all-or-nothing proposition under those rules.