Submitted November 24, 2020; Counts 1, 2, 4, and 5 reversed and remanded, remanded for resentencing, otherwise affirmed March 2; petition for review denied July 28, 2022 (370 Or 197)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JORGE ISMAEL BELTRAN,
*Defendant-Appellant.*

Multnomah County Circuit Court
18CR11715; A170071

506 P3d 1150

Leslie M. Roberts, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Morgen E. Daniels, Deputy Public Defender, Office of Public Defense Services, filed the opening brief for appellant. Jorge I. Beltran filed the supplemental brief *pro se*.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Timothy A. Sylwester, Assistant Attorney General, filed the brief for respondent.

Before Mooney, Presiding Judge, and Lagesen, Chief Judge, and DeVore, Senior Judge.

PER CURIAM

Counts 1, 2, 4, and 5 reversed and remanded; remanded for resentencing; otherwise affirmed.

## PER CURIAM

Defendant was found guilty after a jury trial on three counts of attempted aggravated murder (Counts 1-3), three counts of attempted murder (Counts (4-6), three counts of unlawful use of a weapon (Counts 7-9), and one count of felon in possession of a firearm (Count 10). The jury's verdicts were unanimous on Counts 3, 6, 7, 8, 9, and 10; the verdicts were not unanimous as to Counts 1, 2, 4, and 5. The trial court merged each respective guilty verdict for attempted murder and unlawful use of a weapon into the attempted aggravated murder verdict that involved the same victim, and imposed consecutive sentences of 120 months on each attempted aggravated murder conviction, with a concurrent sentence for the felon in possession conviction. Defendant argues on appeal that the trial court erred in denying his demurrer on the counts of attempted aggravated murder, making the same argument that we rejected in *State v. Kyger*, 305 Or App 548, 471 P3d 764 (2020), *rev allowed,* 368 Or 168 (2021). We reject that argument for the reasons set forth in *Kyger*. In a *pro se* supplemental brief, defendant raises additional issues that we reject without discussion.

Finally, defendant argues that the trial court erred in rejecting his proffered unanimous jury instruction and instead instructing the jury that its verdicts need not be unanimous. He argues that that constituted structural error that entitles him to reversal of his convictions based on unanimous verdicts as well as the convictions based on nonunanimous verdicts. As the state concedes, the jury instruction was erroneous under *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020) (Sixth Amendment requires that the jury be unanimous to convict a criminal defendant of a serious offense.).

This requires us to reverse and remand the convictions on Counts 1 and 2 and to reverse and remand the guilty verdicts on Counts 4 and 5, which were merged with guilty verdicts on Counts 1 and 2. It also requires us to remand for resentencing, which includes entering new dispositions on the additional counts that were merged with Counts 1 and 2. *See State v. Bittick*, 316 Or App 686, 687-88, 502 P3d 1196 (2021).

The erroneous jury instruction did not, however, constitute structural error entitling defendant to reversal of his convictions or merged verdicts based on unanimous verdicts. *State v. Flores Ramos,* 367 Or 292, 334, 478 P3d 515 (2020).

Counts 1, 2, 4, and 5 reversed and remanded; remanded for resentencing; otherwise affirmed.