On appellant's petition for reconsideration filed February 2, and respondent's petition for reconsideration filed February 3; reconsideration allowed, opinion (317 Or App 181, 504 P3d 691) modified and adhered to as modified March 30, 2022

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JOHNATHAN RICHARD BLACK,
*Defendant-Appellant.*

Washington County Circuit Court
C140510CR; A172621

509 P3d 192

D. Charles Bailey, Jr., Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Morgen E. Daniels, Deputy Public Defender, Office of Public Defense Services, for petition.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jordan R. Silk, Assistant Attorney General, for petition.

Before James, Presiding Judge, and Lagesen, Chief Judge, and Kistler, Senior Judge.

PER CURIAM

Reconsideration allowed; opinion modified and adhered to as modified.

## PER CURIAM

Defendant and the state both seek reconsideration of our prior decision in this matter, *State v. Black*, 317 Or App 181, 504 P3d 691 (2022), where we reversed and remanded for the trial court to evaluate whether defendant is entitled to a new trial under the reasoning in *State v. Hightower*, 368 Or 378, 387, 491 P3d 769 (2021), and *State v. Bales*, 317 Or App 54, 504 P3d 10 (2022). Defendant seeks reconsideration to clarify our disposition of assignments of error pertaining to *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020), and *State v. Ulery*, 366 Or 500, 464 P3d 1123 (2020), which we did not discuss in our earlier opinion. The state seeks reconsideration to correct a factual error in the opinion. We allow reconsideration and modify our prior opinion as follows.

In his opening brief, defendant raised a total of 14 assignments of error. In addition to his challenge to the trial court's refusal to grant a new trial, defendant assigned error to the trial court's jury instruction which allowed nonunanimous verdicts and to the trial court's entry of a judgment of conviction for Counts 7 and 12 based on nonunanimous verdicts. The state conceded that the trial court erred with respect to the judgments of conviction for Counts 7 and 12 and that the error required reversal and remand on those counts. Because we did not address those concerns in our opinion, defendant petitions for reconsideration in order to dispose of the *Ramos* challenges and prevent any claim that they were waived.

We agree with both defendant and the state that *Ramos* made clear that receiving a jury's nonunanimous guilty verdicts is an error of law which requires reversal and remand. *See Ulery*, 366 Or at 504. However, the erroneous jury instruction did not constitute structural error entitling defendant to reversal of his convictions that were based on unanimous verdicts. *See State v. Beltran*, 318 Or App 140, 142, 506 P3d 1150 (2022) (citing *State v. Flores Ramos*, 367 Or 292, 334, 478 P3d 515 (2020)). We thus modify our prior opinion to acknowledge the disposition of defendant's *Ramos* challenges, and to clarify that, regardless of the trial court's resolution of the *Bales*/*Hightower* issue, defendant is

entitled to a new trial on Counts 7 and 12 because of the nonunanimity issue. We do so by adding the following to the end of our prior decision:

> "Defendant also argues, and the state concedes, that Counts 7 and 12 must be reversed and remanded on account of the fact that the verdicts were not unanimous on those counts. That means, necessarily, that regardless of the trial court's resolution of whether defendant is entitled to a new trial under *Bales* and *Hightower*, defendant is entitled to a new trial on Counts 7 and 12."

The state contends that we made a factual error when we stated that the trial court's initial error limiting defense expert Johnson's testimony on vouching grounds occurred pretrial. *Black*, 317 Or App at 184-85. We agree with the state that the record does not support the finding that the testimony was limited pretrial. Hence, we modify our earlier opinion to delete the word "pretrial" from the sentence, "On remand, as in *Bales*, the trial court must consider whether the record could have developed in a materially different way had it not erroneously concluded, *pretrial*, that the excluded testimony by the defense expert would constitute impermissible vouching." *Id*. at 184 (emphasis added). We also delete the sentence, "Where, as here, the error occurred in a pretrial hearing, that necessarily entails an assessment both of how the error may have materially affected the development of the record at the hearing and how the error may have materially affected the development of the record at trial." *Id*. at 184-85. We replace that sentence with the following sentence: "Where, as here and as in *Hightower*, the error occurs during the course of trial, that requires an assessment of how the error may have affected the development of the record at trial."

Reconsideration allowed; opinion modified and adhered to as modified.