Submitted on remand from the Oregon Supreme Court June 22, reversed and remanded August 24, 2022

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

HASSAN OMAR,
aka Hassan Ali Omar,
*Defendant-Appellant.*

Multnomah County Circuit Court
15CR53774; A164869

516 P3d 747

This case is before the Court of Appeals on remand from the Oregon Supreme Court in light of *State v. Hightower*, 368 Or 378, 491 P3d 769 (2021). Specifically, the court is directed to reconsider appropriate instructions to the trial court on remand. *Held*: The absence of a substantive colloquy between the trial court and defendant about defendant's request for substitute counsel required that the case be remanded for a new trial. That is because the record could have developed differently had the court not erred, and because it was not possible for the trial court to engage defendant after-the-fact in a real-time interchange that could lead to a different exercise of discretion.

Reversed and remanded.

On remand from the Oregon Supreme Court, *State v. Omar*, 369 Or 675, 508 P3d 501 (2022).

Jerry B. Hodson, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Stephanie J. Hortsch, Deputy Public Defender, Office of Public Defense Services, filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Peenesh Shah, Assistant Attorney General, filed the briefs for respondent.

Before Shorr, Presiding Judge, and Mooney, Judge, and Pagán, Judge.

MOONEY, J.

Reversed and remanded.

**MOONEY, J.**

This case is before us on remand from the Supreme Court. *State v. Omar*, 369 Or 675, 508 P3d 501 (2022). In the underlying appeal, defendant raised four assignments of error, three of which we rejected without discussion. We wrote to address defendant's argument that the trial court erred when it denied his oral motion for substitute counsel made on the morning of trial. The state conceded that the court erred when it failed to conduct an adequate inquiry into defendant's complaints about his lawyer. We agreed and accepted the state's concession, which left the sole remaining question being that of disposition. *State v. Omar*, 303 Or App 448, 450, 464 P3d 501 (2020) (*Omar I*), *vac'd in part and rem'd*, 369 Or 675 (2022) (*Omar II*). After some discussion about the right-to-counsel and the right to self-representation, both of which are rooted in Article I, section 11, of the Oregon Constitution,[1] we noted that this is a right-to-counsel case. Relying on *State v. Smith*, 190 Or App 576, 80 P3d 145 (2003), *rev'd on other grounds*, 339 Or 515, 123 P3d 261 (2005), we vacated the convictions and remanded the case to the trial court with "instructions to inquire into defendant's motion for substitute counsel" and to order a new trial if it determined that defendant was entitled to new counsel or to reinstate the previous judgment if it determined that he was not so entitled. *Omar I*, 303 Or App at 455.

The Supreme Court vacated our decision as to the issue of "appropriate instructions to [the] trial court on remand following reversal based on [the] trial court's error in denying petitioner's motion for substitute counsel" and remanded the matter to us "for reconsideration in light of *State v. Hightower*, 368 Or 378, 491 P3d 769 (2021) [(*Hightower II*)]." *Omar II*, 369 Or 675. *Hightower II* addresses the "specific question" presented by the parties to that case "about how a trial court should proceed after an appellate court remands a case to that court for further proceedings." 368 Or at 384. Acknowledging that each appellate opinion

---

[1] Article I, section 11, of the Oregon Constitution provides:

"In all criminal prosecutions, the accused shall have the right *** to be heard by himself and counsel[.]"

"that results in remand" has "its own explicit and implicit determinations about" the trial court record and the error, *Hightower II* directs trial courts interpreting such remand decisions to "focus not only on the explicit and implicit instructions provided in the appellate court's opinion, but also on the entirety of the record as it relates to the identified error." *Id.* at 385. The trial court is further instructed that in addition to evaluating our explicit and implicit directives, it must "consider the impact of the error on the record. If [a] trial court determines that the record could have developed in a materially different way if the error had not occurred, then a defendant is entitled to a new trial." *Id.* at 387.

We understand that our limited task on remand is to reconsider our disposition of this appeal through the lens of *Hightower II*, to ensure substantive consistency with *Hightower II* and logical symmetry between the identified legal error, the record, and our instructions to the trial court.

Here, the legal error—failing to inquire about defendant's reasons for requesting substitute counsel—was not disputed. But as we noted in our original opinion, under *Smith*, "'inadequate inquiry does not conclusively demonstrate that there was a deprivation'" of the right to counsel. *Omar I*, 303 Or App at 455 (quoting *Smith*, 190 Or App at 580). Also, we were not asked to disavow *Smith* and, therefore, we concluded that defendant was not automatically entitled to a new trial. Further, we determined that the appropriate disposition was to vacate the convictions and remand with "instructions to inquire into defendant's motion for substitute counsel" and to order a new trial if the trial court determined that substitute counsel was required. *Omar I*, 303 Or App at 455. As we explain below, we now conclude, as the court did in *Hightower II*, that defendant is entitled to a new trial.

Even though *Hightower* is a right to self-representation case and not a right-to-counsel case, the legal error is similar. The trial court in *Hightower* did not understand that it had the authority to grant the defendant's request to represent himself. *State v. Hightower*, 361 Or 412, 422, 393 P3d 224 (2017) (*Hightower I*). It, therefore, did not make any inquiries of the defendant, and it did not explain why it

would not grant such a request even if it had the authority to do so. That discussion did not occur. Therefore, the case was remanded for the trial court to reconsider whether to grant the defendant's request. *Id*. On remand, the trial court did not order a new trial. Rather, "the trial court decided that, if it would have understood the extent of its authority and discretion, it would have denied defendant's motion for self-representation, based on its evaluation of defendant's trial disruptions." *Hightower II*, 368 Or at 392. In reversing the trial court's decision on remand, the Supreme Court explained that "it was necessary for the trial court to provide defendant with an opportunity to explain and respond to the trial court's concerns about his disruptive behavior in the context of his requests for self-representation." *Id*. at 393. Further, the court concluded that a new trial was required because "the trial court did not do that in the first instance, and because the record could have developed differently if it had." *Id*.

Like the trial court in *Hightower II*, here, the court did not engage in a substantive colloquy before denying defendant's request. Even though the trial court understood that it had the discretion to grant defendant's request for substitute counsel, it did not ask defendant why he was making the request, and it did not discuss with defendant the factors that the court might consider in deciding whether to grant the request.

That discussion—the colloquy between court and defendant concerning the pending request—did not happen in this case or in *Hightower II*. The error in each case necessarily resulted in the absence of a critical colloquy and, therefore, a significant gap in the record. There is no practical difference between the *Hightower II* court's failure to provide defendant with a chance to explain his request and to respond to the court's questions and the same failure in this case. The record here was just as likely to have developed in a materially different way had there been no error as it was in *Hightower II* had the trial court not committed error there. Reconsidering disposition in light of *Hightower II* requires that we remand this case for a new trial. That is because the record could have developed differently, and also because the trial is now over, and it is not possible for the

trial court to "recreate [in retrospect] the opportunity for a real-time interchange with the defendant that could [lead] the trial court to exercise its discretion differently." *State v. Black*, 317 Or App 181, 186, 504 P3d 691 (2022) (Kistler, S. J., concurring).

　　　　Reversed and remanded.